UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KARLA SEMIEN, IND. AND ON BEHALF OF HER MINOR CHILDREN, MADISON SEMIEN, AND MIRACLE SEMIEN, MALACHI SEMIEN, COREY SEMIEN, TYLER SEMIEN, AND LAQUANNA SEMIEN** | : | CIVIL ACTION NO. 2:22-cv-000213 |
| **VERSUS** | : | JUDGE _____ |
| **THE UNITED STATES OF AMERICA** | : | MAGISTRATE JUDGE _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiffs **KARLA SEMIEN, IND.,** (hereinafter referred to as "Karla"), **and on behalf of her minor children, MADISON SEMIEN** (hereinafter referred to as "Madison") **and MIRACLE SEMIEN** (hereinafter referred to as "Miracle"), **COREY SEMIEN,** (hereinafter referred to as "Corey")**, TYLER SEMIEN,** (hereinafter referred to as "Tyler"), **AND LAQUANNA SEMIEN,** (hereinafter referred to as "Shayla") and also (hereinafter referred to at times as "Semien Family"), complains of Defendant, SWLA Center for Health Services and would respectfully show unto the Court as follows:

**I.**

**JURISDICTION & VENUE**

1.

This action is within the jurisdiction of this Court and its civil docket pursuant to 28 U.S.C. § 1346(b)(1) of the FTCA.

2.

This is a complaint under the Federal Tort Claims Act ("FTCA") for money damages.

3.

Venue is proper in this District and Division under 28 U.S.C. §1402(b) of the FTCA, because plaintiffs' reside in Allen Parish, Calcasieu Parish, Acadia Parish, Louisiana and Liberty County, Texas and as a substantial part of the events or omissions giving rise to the claim occurred in Allen Parish.

## II.
## PARTIES

4.

Darrell Semien passed away on January 24, 2021, leaving as heirs his wife, Karla Semien, minor children, Madison Semien and Miracle Semien, and major children, Malachi Semien, Corey Semien, Tyler Semien, and Shayla Semien.

5.

Karla Semien, minor children, Madison Semien and Miracle Semien, and major children, Malachi Semien, Corey Semien, Tyler Semien, and Shayla Semien are the proper parties to bring a survival action on behalf of Darrell Semien in accordance with Louisiana Civil Code Art. 2315.1(A)(1).

6.

Karla Semien, Madison Semien, and Miracle Semien, Malachi Semien, Corey Semien, Tyler Semien, and Shayla Semien are Darrell Simien's sole heirs, and heirs under the Louisiana Civil Code, including Articles 880, 888 and 889.

7.

Thus, Karla Semien, Madison Semien, and Miracle Semien, Malachi Semien, Corey Semien, Tyler Semien, and Shayla Semien are the proper parties to maintain Darrell Simien's portion of the claims alleged in this suit.

8.

Plaintiffs are residents of Allen Parish, Calcasieu Parish, Acadia Parish, Louisiana and Liberty County, Texas.

9.

Defendant, The United States of America, is the sole, proper defendant for an FTCA claim pursuant to 28 U.S.C. § 2679(a). Service of the Complaint upon The United States of America will hereafter be made in accordance with Federal Rule of Civil Procedure 4(i)(1) by serving the Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001, and the United States Attorney for the Western District of Louisiana, 800 Lafayette Street, Ste 2200, Lafayette, LA 70501-6832, via registered or certified mail.

## III.
## NATURE OF THIS ACTION

10.

This action is an action by plaintiffs under the Federal Tort Claims Act ("FTCA") for money damages caused by Medical Malpractice committed by employees of the United States of America, Department of Health & Human Services, while acting within the course and scope of their employment with the United States of America under circumstances where the United States of America, if a private person, would be liable to the plaintiffs in accordance with the laws of the State of Louisiana.

11.

Pursuant to the Federal Tort Claims Act, claimants/Plaintiffs filed a complaint with the U.S. Department of Health and Human Services, on August 18, 2020.

12.

The U.S. Department of Health and Human Services has not issued a decision or come to any resolution within the time period given by law (6 months).

13.

Therefore, Plaintiffs elect to treat the lapse of time without decision as a denial for purposes of instituting the action in Federal Court.

IV.

**FACTUAL ALLEGATIONS**

14.

On August 21, 2019, Karla brought her minor child, 10-year-old Miracle to SWLA Center for Health Services (hereinafter referred to as "SWLA"), in Oberlin Louisiana.

15.

Miracle was experiencing frequent and urgent urination and needed a doctor's excuse to allow her to go to the restroom more often at school; at SWLA, Miracle was seen by Colleen Unkel, FNP.

16.

Colleen Unkel, FNP ordered a urinalysis and had a urine sample collected from Miracle.

17.

During the August 21st appointment, Colleen Unkel, FNP informed Karla that Miracle's urine sample needed to be sent to a lab because there was a possible indication in the sample that there was blood coming from Miracle's kidney.

18.

Colleen Unkel, FNP documented that she would follow up with the family the next day to discuss the lab results.

19.

The sample was sent to the Lafayette, Louisiana location of LabCorp and LabCorp Holdings on August 21, 2019, and the results were reported on August 22, 2019.

20.

Unbeknownst to the Semien Family, SWLA Center for Health Services and/or LabCorp and LabCorp Holdings mixed up Miracle's urine sample with an that of an adult male; therefore, the urinalysis Defendants incorrectly attributed to Miracle, contained a significant amount of sperm, as it had in actuality come from an adult male patient.

21.

Darrell Semien (hereinafter referred to as "Darrell") and Karla then met with Colleen Unkel, FNP the following day on August 22, 2019.

22.

Colleen Unkel, FNP conveyed that there was sperm in Miracle's sample, which Colleen Unkel, FNP claimed indicated Miracle had been sexual molested.

23.

Colleen Unkel, FNP stated that an individual from LabCorp and LabCorp Holdings called SWLA Center for Health Services and urged that the urinalysis results be turned in to law enforcement.

24.

Colleen Unkel, FNP told Darrell and Karla that either they needed to report this to law enforcement within a day, or SWLA Center for Health Services would do so.

25.

When Darrell and Karla confronted Miracle, pleading with her to disclose who may have touched her, Miracle begged to give another urine sample; Karla took Miracle back to SWLA Center for Health Services later the same day (August 22, 2019) of the meeting with Colleen Unkel, FNP, to do another urine analysis.

26.

This time, the sample was negative for sperm; Karla asked Colleen Unkel, FNP how this could be possible.

27.

Rather than accepting the error and first considering the simplest explanation, Colleen Unkel, FNP told the Semien Family that sperm only survives for 5 days, and therefore, Miracle had to have been molested precisely 5 days before the original test, and was not molested the following 4 days before the first urinalysis; Colleen Unkel, FNP insisted this was why the second test did not contain sperm and continued to maintain Miracle was molested.

28.

Convinced by SWLA Center for Health Services' adamancy that Miracle was molested, Darrell and Karla tried to determine who Miracle was alone with over the preceding week.

29.

The only person she was alone with for more than a few moments was her older brother Malachi and because of SWLA Center for Health Services urging, Darrell and Karla began to suspect that Malachai molested his sister.

30.

On account of SWLA Center for Health Services insisting the police be immediately notified regarding a fictitious molestation event, the Allen Parish Sheriff's Department conducted an investigation.

31.

After initially targeting Darrell and Malachi, and interrogating Malachi, Law enforcement eventually had a DNA test performed on the urine sample at issue. It ruled out Malachi as a suspect.

32.

With the Semien Family still trying to find answers, the Simien Family then took Miracle to a gynecologist to be examined for physical signs of penetration; this exam occurred on September 5, 2019.

33.

The examining gynecologist informed the Semien Family that Miracle had no physical signs of sexual abuse.

34.

Ultimately, through their investigation, the Allen Parish Sherriff's Department determined that the urine sample came from a man, indicating Miracle's sample had been mixed up with another patients'.

35.

Defendant was negligent in the following manner

- SWLA Center for Health Services failed to create and implement an appropriate labeling system to prevent inadvertent swapping of specimens.

- SWLA Center for Health Services failed to create and implement an appropriate chain of custody to prevent inadvertent swapping of specimens.

- SWLA Center for Health Services and Colleen Unkel, FNP failed to immediately recollect a urine sample upon receipt of the questionable urinalysis results.

- SWLA Center for Health Services and Colleen Unkel, FNP should not have given the family an ultimatum for reporting the results to the police, before verifying the validity of the results.

- SWLA Center for Health Services and Colleen Unkel, FNP should have first ruled out the possibility of the samples being swapped before jumping to the conclusion that Miracle had been molested.

36.

SWLA Center for Health Services' failure to implement safeguards for the labeling and chain of custody of lab samples and mixing up of those samples, as well as Colleen Unkel's failure to eliminate simpler explanations before jumping to grave conclusions, led to an intrusive police investigation.

37.

Because SWLA Center for Health Services gave the Semien Family an ultimatum to report these false test results to the police before SWLA Center for Health Services did any verification of the results, the Allen Parish Sherriff's Department began to look for suspects of supposed crime of molestation against Miracle, leading to Darrell and Malachi being targeted by a police investigation.

38.

Defendants representations led Darrell to suspect his son Malachi of the fictitious crime, leading to irreparable harm to Malachi's trust of his father and their relationship.

39.

The Sheriff's department requested Malachi leave the home or go to Juvenile Detention during the pendency of the investigation for Miracle's protection, and Malachi was forced to leave his family and stay with a friend.

40.

Malachi was interrogated by the Sherriff's department because of Defendants' negligence.

41.

Additionally, on Defendant's representations, Miracle was questioned repeatedly by her parents, law enforcement, and Child Advocacy Services, and Miracle began to believe that she had been molested but could not remember the event, straining the relationships of the members of the household.

42.

Miracle now has a fear of being treated by health care providers as well as a fear undergoing laboratory testing.

43.

Miracle's sister Madison was traumatized by learning her sister was supposedly molested by their brother, only to learn later that this was false.

44.

Defendants' negligence led to significant emotional distress for the whole family (the family members of the household at that time who have endured this experience from the mix up of Miracle's urinalysis results were Darrell, Karla, Madison, and Malachi).

45.

This event has led to mistrust among the family members and destroyed the closeness and connection of the family unit.

46.

Darrell and Karla, parents of Madison and Malachi, siblings of Miracle, all have suffered a negligent infliction of emotional distress from Defendants' negligence.

47.

In addition to suffering a loss of consortium on account of the emotional harm done to Miracle, **Darrell**, parent of Miracle, suffered a negligent infliction of emotional distress from Defendants' negligence.

48.

SWLA Center for Health Services' false claim that Miracle had been molested, the resulting police investigation, being targeted by the investigation, fear for of losing his freedom from being wrongfully targeted by law enforcement, the trauma of accusing his own son of molesting his sister, the social stigma and embarrassment of his son being accused of committing the molestation, fear that his son would be imprisoned and his life destroyed, being escorted by sheriff's deputies to various appointments, and being required to bring his child to Child Advocacy Services, and all of which resulted from SWLA Center for Health Services' negligence, caused

**Darrell** genuine emotional distress and real mental injury far beyond usual worry, as well as past and future medical expenses.

49.

In addition to suffering a loss of consortium on account of the emotional harm done to Miracle, **Karla**, parent of Miracle Semien, suffered a negligent infliction of emotional distress from Defendants' negligence.

50.

SWLA Center for Health Services' false claim that Miracle had been molested, the resulting police investigation, the social stigma and embarrassment of her son being accused of committing the molestation, fear that her son would be imprisoned and his life destroyed, being escorted by sheriff's deputies to various appointments, and being required to bring her child to Child Advocacy Services, and all of which resulted from SWLA Center for Health Services' negligence, caused **Karla** genuine emotional distress and real mental injury far beyond usual worry, as well as past and future medical expenses.

51.

In addition to suffering a loss of consortium on account of the emotional harm done to Miracle Semien, **Madison**, sister of Miracle, suffered a negligent infliction of emotional distress from Defendants' negligence.

52.

SWLA Center for Health Services' false claim that Miracle had been molested, the resulting police investigation, the social stigma and embarrassment of her sister being accused of committing the molestation, fear that her brother was a sexual predator, fear that her brother would be incarcerated, and experiencing her brother being forced to leave the home, and all of which

resulted from SWLA Center for Health Services' negligence, caused **Madison** genuine emotional distress and real mental injury far beyond usual worry, as well as past and future medical expenses.

53.

In addition to suffering a loss of consortium on account of the emotional harm done to Miracle Semien, **Malachi**, brother of Miracle, suffered a negligent infliction of emotional distress from Defendants' negligence.

54.

SWLA Center for Health Services' false claim that Miracle had been molested, the resulting police investigation and interrogation, fearing of losing his freedom for a fictious crime he did not commit, fear of loss of future prospects in the event he was incarcerated, fear for his safety in the event he was taken to jail, the social stigma and embarrassment of being accused of committing the molestation, being forced to leave his home, being confronted by his family about supposedly molesting his sister, and being mistrusted by his family, all of which resulted from SWLA Center for Health Services' negligence, caused **Malachi** genuine emotional distress and real mental injury far beyond usual worry, as well as past and future medical expenses.

55.

SWLA Center for Health Services' negligence has resulted in past and future mental anguish, pain and suffering, loss of enjoyment of life, as well as past and future medical expenses for **Miracle**.

56.

SWLA Center for Health Services' false claim that **Miracle** had been molested, the resulting police investigation, the social stigma and embarrassment of her brother being accused of committing the molestation, being led to believe she had been molested but suppressed the

memory, fear that her brother would be imprisoned, being escorted by sheriff's deputies to various appointments, and being required to present to Child Advocacy Services for questioning, and all of which resulted from SWLA Center for Health Services' negligence, caused **Miracle** genuine emotional distress and real mental injury far beyond usual worry, as well as past and future medical expenses.

57.

Darrell Simien, Karla Semien, Madison Semien, Miracle Semien, and Malachi Semien all have incurred special damages as a result of Defendants' negligence.

58.

Darrell Simien, Karla Semien, Madison Semien, Miracle Semien, and Malachi Semien have undergone and continue to undergo counseling and therapy for their emotional injuries.

59.

The special circumstances and outrageousness of SWLA Center for Health Services' false accusations had an especial likelihood of resulting in genuine mental distress and injury, beyond usual stress and worry.

60.

In their claim to the U.S. Department of Human and Health Services under the Federal Tort Claims Act, Plaintiff alleged the following damages:

| | |
|---|---|
| Darrell Semien | $1,500,000.00 |
| Karla Semien | $1,500,000.00 |
| Madison Semien | $  750,000.00 |
| Malachi Semien | $2,500,000.00 |
| Miracle Semien | $2,500,000.00 |

61.

Plaintiffs reallege this specific monetary demand here in this suit.

WHEREFORE, Petitioners, Darrell and Karla, Ind. and obo their minor children, Madison, Malachi, and Miracle, pray for service and citation on the Defendant according to the law and after due proceeding had and trial thereof, there be judgment herein in favor of Petitioners, Darrell and Karla, Ind. and obo their minor children, Madison, Malachi, and Miracle, and against the Defendant, **The United States of America,** awarding unto Plaintiffs a sum to fully and completely compensate them for the damages they have sustained as a result of the negligence of the Defendant or for which the Defendant is liable, with legal interest thereon from the date of judicial demand, and for all costs of these proceedings in just and reasonable sums as prayed for herein, together with costs of Court, prejudgment interest, and for all such other relief, both general and special, in law and in equity, to which they may show themself justly entitled.

Respectfully submitted,
**THE TOWNSLEY LAW FIRM, LLP**

By: _____
**TODD A. TOWNSLEY (#21095)**
**JORDAN Z. TAYLOR (#35346)**
3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337) 478-1400
Facsimile: (337) 478-1577
jtaylor@townsleylawfirm.com
ashleyd@townsleylawfirm.com

**SERVICE INSTRUCTIONS**
**Please serve defendant as**
**Set forth in paragraph 9.**